THOMAS, Judge,
concurring in the result.
I note that on remand both aspects of the Department’s affirmative defense present issues that must be determined by the trial court.
The first issue is a mixed question of law and fact, namely: whether the State of Alabama reasonably relied on White v. Reynolds Metals Co., 558 So.2d 373 (Ala.1989), cert. denied 496 U.S. 912, 110 S.Ct. 2602, 110 L.Ed.2d 282 (1990), to conclude that its franchise-tax scheme did not violate the Commerce Clause when a trio of United States Supreme Court cases decided after White — Oregon Waste Systems Inc. v. Department of Environmental Quality of Oregon, 511 U.S. 93, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994); Associated Industries of Missouri v. Lohman, 511 U.S. 641, 114 S.Ct. 1815, 128 L.Ed.2d 639 (1994); and Fulton Corp. v. Faulkner, 516 U.S. 325, 116 S.Ct. 848, 133 L.Ed.2d 796 (1996) — arguably made that reliance misplaced. The second issue is one of fact, namely: whether the State now faces an extreme hardship if it must give Vulcan Lands a refund.
MOORE, J., concurs.